In the

# United States Court of Appeals

## For the Seventh Circuit

No. 24-1403

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL CLARK,

*Defendant-Appellant.*

Appeal from the United States District Court for
the Western District of Wisconsin.
No. 3:17-cr-00053-jdp-1 — **James D. Peterson,** *Chief Judge.*

ARGUED APRIL 3, 2025 — DECIDED APRIL 9, 2025

Before HAMILTON, BRENNAN, and SCUDDER, *Circuit Judges*.

SCUDDER, *Circuit Judge*. This case returns after we re-manded for a *Franks* hearing on Michael Clark's challenge to an affidavit supporting an application for a warrant to search a hotel room for drugs. Clark appeals a second time, contesting the district court's findings and, by extension, the denial of his motion to suppress following the *Franks* hearing. Seeing no error, we affirm.

**I**

A

A federal jury convicted Michael Clark of possessing a controlled substance in violation of 21 U.S.C. § 841(a)(1) based on evidence obtained from a search of his hotel room in Superior, Wisconsin. Our prior opinion explained the facts leading to the search and the government's evidence at trial. See *United States v. Clark*, 935 F.3d 558 (7th Cir. 2019).

In his first appeal, Clark challenged the district court's denial of his motion to suppress the evidence found in the hotel room. He claimed that the police investigator who applied for the search warrant, Todd Maas, acted with reckless disregard for the truth when he omitted damaging credibility information about the confidential informant who tipped off police to Clark's activities at the hotel in violation of *Franks v. Delaware*, 438 U.S. 154 (1978). We concluded that Clark made a sufficient showing for a *Franks* hearing, where the district court could evaluate Maas's explanation for the omission and assess his credibility. See *Clark*, 935 F.3d at 567.

Based on the testimony offered at the *Franks* hearing, a magistrate judge found Maas to be a credible witness who did not purposely or recklessly omit the damaging information about the confidential informant's credibility. The district court adopted the magistrate's recommendation, denied Clark's motion to suppress, and reinstated the judgment of conviction.

Clark now appeals.

B

We review a district court's factual findings supporting the denial of a motion to suppress for clear error. See *United States v. Glover*, 755 F.3d 811, 815 (7th Cir. 2014).

This time around Clark contends that the district court erred when it found that Maas did not act with "deliberate or reckless disregard for the truth" in omitting adverse credibility information about the confidential informant from his application for a search warrant. *United States v. Williams*, 718 F.3d 644, 650 (7th Cir. 2013). But Clark's position collides with the clear error standard governing our review. For Clark to prevail, we would have to "substitute our judgment for that of the district court," which found Maas to be a credible and non-deceptive witness—a conclusion for which we see ample support in the record. *United States v. Sands*, 815 F.3d 1057, 1061 (7th Cir. 2015).

The magistrate judge heard Maas's testimony and considered his explanation for omitting the information adverse to the confidential informant's credibility. Maas explained that, at the time he applied for the warrant, it was not department policy to include such information in a search warrant application. Though we previously found this policy to be ill-advised (and are grateful to hear that it has since changed), we see no basis to set aside the district court's ultimate finding that Maas provided a credible explanation belying Clark's accusation that he acted deliberately or recklessly with intent to deceive the state court issuing judge. See *Sands*, 815 F.3d at 1061 (explaining that a district court's credibility determination is clearly erroneous only if it is "completely without

foundation" (quoting *United States v. Freeman*, 691 F.3d 893, 899 (7th Cir. 2012))).

## II

In closing, we pause to address what we see as a troubling trend in our court: the missing reply brief.

All too often a party files a notice of appeal, pays the filing fee, and submits an opening brief, only to go radio silent when the reply brief comes due. To be sure, reply briefs—unlike opening and response briefs—are not required and there may be instances where they prove unnecessary, say, for example, when an opening brief anticipates and addresses all points later made in an opposition brief or perhaps where an opposition brief concedes error. See Fed. R. App. P. 28(c).

But not required is a far cry from unnecessary or unhelpful—at least in the mine-run of typical appeals in our court. A reply brief is a party's opportunity to respond to material points pressed by an adversary and to put the reply within the framework (legal or factual) of the opening brief. To forgo a reply brief and remain silent to an adversary's most significant points is to leave a substantial opportunity on the cutting-room floor.

Briefing shortcomings affect courts too. While oral argument is important, it often comprises only a small percentage of the time judges spend on an appeal. Most of our time is spent reading briefs, reviewing the record, case law, statutes, and discussing the case with our law clerks. In a meaningful number of cases, we will read an opening brief (the blue brief as we often call it), see a substantial response in an opposition brief (the red-covered brief), and then look to a reply brief to see what the appellant has to say about the opposition point.

Finding no grey brief—an absence of any reply whatsoever—
often sends a message, and the message is not a good one. It
signals that counsel may view the appeal as lacking in merit
or otherwise unworthy of their full time and attention, which
can lead a judge to wonder: why file the appeal in the first
place? Sound briefing matters.

No doubt many different factors and perspectives inform
briefing strategies. And it is not for us to pinpoint the range
of reasons explaining why we see appeals without reply
briefs. The point of our observations is more limited—to urge
counsel to recognize the importance of the briefing process
and the significant role a tailored, efficient, and well-pre-
sented reply brief can play in an appeal. Leaving the last word
unsaid seems unwise in most instances.

Take this case as an example. Clark's counsel submitted an
opening brief that urged us to find that Investigator Maas's
omission of credibility information about the confidential in-
formant was at least reckless, material, and warranting sup-
pression of the drugs found in the hotel room. The govern-
ment responded, raising a new argument defending the dis-
trict court's judgment which Clark did not anticipate in his
opening brief, and, predictably, by emphasizing the deferen-
tial standard controlling our review of the district court's
findings. Clark then filed no reply, leaving us with the im-
pression that he had given up on the appeal or somehow
sought to salvage his position during oral argument. Either
way, we were left wondering.

With this closing observation, we AFFIRM.